UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60452-Civ-GONZALEZ
(96-6106-Cr-GONZALEZ)
MAGISTRATE JUDGE P.A. WHITE

JOSEPH KIMBALL a/k/a
RONALD SKOLINSKY,            :

    Movant,              :

v.                           :      REPORT RE DISMISSAL
                                           OF §2255 MOTION
UNITED STATES OF AMERICA,    :      AS TIME-BARRED

    Respondent.          :
_____

    This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on March 15, 2007.[1] The judgment of conviction in the underlying criminal case became final at the latest on August 2, 1999, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's conviction on direct appeal.[2] See United States v. Kimball, 180 F.3d 274 (11th Cir. 1999)(table); (Cr-DE#60).

    At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than August 2, 2000. See Griffith v. Kentucky, 479 U.S.

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

    In this case the 90th day was a Sunday, so the movant had until Monday, August 2, 1999, to seek certiorari review.

314, 321, n.6 (1986). This motion to vacate was filed by the movant on March 15, 2007, almost seven years after his conviction became final. (Cv-DE#1). It is not timely.

The government argues correctly that this motion is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 122 S.Ct. 1965 (2002); <u>Sandvik v. U.S.</u>, 177 F.3d 1269, 1270 (11 Cir. 1999). The movant has not demonstrated

extraordinary circumstances beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was aware or should have been aware of the factual predicate of the claims raised in this petition, as early as the time sentence was imposed. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5 Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7 Cir. 2000).

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claims. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618- 19 (3 Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges to his convictions now raised.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after his judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond his control precluded him from timely filing this motion to vacate.

Review of the movant's response (Cv-DE#8) to this court's order regarding the limitations period (Cv-DE#4) reveals that the movant attempts to circumvent the statute of limitations by challenging his sentence based on Blakely v. Washington, 542 U.S. 296 (2004) and its progeny, United States v. Booker, 543 U.S. 220 (2005), as well as, Crawford v. Washington, 541 U.S. 36 (2004).

It should be noted that Blakely, Booker, and Crawford were decided over one year prior to the filing of this motion to vacate.[3] The third factor enumerated above provides for the timely filing of a motion to vacate within one year of the date on which the Supreme Court newly recognizes a right which is retroactively applicable to cases on collateral review. The Supreme Court did not

---

[3] Blakely was decided on June 24, 2004. Booker was decided on January 12, 2005. Crawford was decided on March 8, 2004.

4

do so in Booker, supra; and the Eleventh Circuit has held that Blakely and its progeny, Booker, **do not** apply retroactively to §2255 cases on collateral review. See, Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005); In re Anderson, __ F.3d. __, 2005 WL 123923, 2-4 (11 Cir Jan. 21, 2005)(holding that the rules in Blakely and Booker are not applicable retroactively on collateral review because the Supreme Court has not expressly declared it to be, but instead expressly extended the holding "to all cases on direct review")(citing, Schriro v. Summerlin, 542 U.S. 348, 358 (2004)(holding that Ring v. Arizona , 536 U.S. 584 (2002), an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), is not retroactive to cases on collateral review)); see also, McCoy v. United States, 266 F.3d 1245, 1259 (11th Cir. 2001). Moreover, the Supreme Court has also recently held that Crawford does not apply retroactively to cases on collateral review. See Whorton v. Bockting, ___ U.S. ____, 127 S.Ct. 1173 (2007).

The movant also appears to argue that his sentence was unlawfully enhanced based on a prior state court conviction which was unlawfully entered in violation of the Florida Supreme Court's decision in State v. Williams, 623 So.2d 462 (1993). In Williams, the Florida Supreme Court held that illegal manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation within 1,000 feet of school constituted governmental misconduct which violated the due process clause of the Florida Constitution. Id. This argument was raised by the movant at sentencing and then on appeal in the underlying federal criminal prosecution, which denied the claim relying on United States v. Custis, 511 U.S. 485 (1994) and United States v. Phillips, 120 F.3d 227, 331 (11th Cir. 1997).

The law is clear that once the movant successfully attacks in the state forum his prior state conviction used to determine his

criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11 Cir. 1999). It is well settled, however, that collateral attacks on prior convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. United States v. Phillips, 120 F.3d 227, 231 (11 Cir. 1997)(citing, Custis v. United States, 511 U.S. 485 (1994)); United States v. Farris, 77 F.3d 391, 397 & n. 10 (11 Cir.), cert. denied, 519 U.S. 896 (1996). Moreover, the Supreme Court has further held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. Daniels v. United States, 523 U.S. 374 (2001), citing, Custis v. United States, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel). The movant does not assert that he was not represented by counsel, but merely states that there has been a change in Florida law which now makes his prior state conviction unlawful. Likewise, the movant has not shown that the prior conviction he is challenging in this proceeding has been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to be no legal basis to challenge the validity of underlying state conviction.

Even if the movant now demonstrates that his prior state court conviction has been vacated, this federal §2255 motion remains subject to dismissal as time-barred. See Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003)(prisoner's delay in attacking prior state court conviction prevented him from asserting that there were

any extraordinary circumstances beyond his control to warrant equitable tolling of the federal one-year statute of limitations).

It is therefore recommended that this motion to vacate be dismissed, as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 22nd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Joseph Kimball, <u>Pro Se</u>
      Reg. No. 20184-018
      U.S.P. - Beaumont
      P.O. Box 26030
      Beaumont, TX 77720-6030

      Julia J. Vaglienti, AUSA
      U.S. Attorney's Office
      500 East Broward Boulevard, 7th Floor
      Fort Lauderdale, FL 33394